**Elisabeth KIRSCH, Appellant,**

v.

**PICKER INTERNATIONAL, INC., Appellee.**

**No. 83–2550.**

United States Court of Appeals, Eighth Circuit.

April 3, 1985.

ORDER

Prior Report: 753 F.2d 670 (8th Cir. 1985).

The petition for rehearing by the court en banc is denied for the failure to obtain five votes from the active judges of this court. Chief Judge Lay, Judge Heaney, and Judge McMillian respectfully · dissent and would grant the rehearing en banc.

LAY, Chief Judge, with whom HEANEY and McMILLIAN, Circuit Judges, join, dissenting.

We feel that it was error for the trial court to grant the defendant's motion for a directed verdict in this case. Clearly, the record demonstrates that the trial court erred in granting the motion for directed verdict. It is true that a diversity case does not generally present an issue sufficiently important to require the court to sit en banc. If this case dealt simply with the question of law under Missouri state law, we would not vote for a rehearing en banc. However, in this case there is a more persuasive concern involved.

In our judgment, the case presents sufficient evidence to establish a prima facie case and the court erred in granting the directed verdict; but, even assuming that the issue is a close one, we feel the district court failed to adhere to the long-established rule of the Eighth Circuit that it is far better to refrain from granting a directed verdict in any case unless the proof of the plaintiff is totally without merit or is otherwise frivolous. Where the case is not totally without merit, the procedure long established in the Eighth Circuit was set out by Judge Sanborn in *Barnett v. Terminal R. Ass'n of St. Louis,* 200 F.2d 893 (8th Cir.1953), where he says:

It is safe to say that in a case such as the one before us, it is unwise for a trial judge to direct a verdict at the close of the plaintiff's evidence. We think that, even though the trial court is of the opinion that the evidence will not support

a verdict for the plaintiff, the court should ordinarily reserve its ruling on a motion for a peremptory instruction until after verdict. That course will usually hasten the ultimate termination of the litigation and best serve the interests of both parties. The jury's view of the sufficiency of the evidence may coincide with that of the court. If it does not, the court, despite the verdict, can enter judgment for the defendant. An appeal from such a judgment, entered after verdict, will usually terminate the controversy one way or the other, and avoid a retrial with its resulting delay, trouble and expense and the possibility of a second appeal.

We feel the district courts should adhere to this procedure in the interest of judicial economy and efficiency. The trial court clearly should have adhered to this rule in this case.

McMILLIAN, Circuit Judge, dissenting.

I concur in Chief Judge Lay's opinion dissenting from the order denying the petition for rehearing en banc. I agree that in the present case the district court erred in granting the motion for directed verdict. I write separately only to state my agreement with the substantive analysis of the dissenting panel opinion. I do not agree with the majority panel opinion's requirement of "direct proof" of the physician's knowledge or its discussion of proximate cause in the context of the "learned intermediary" doctrine. Specifically, I would argue that, assuming for purposes of argument only that the warning given by the manufacturer is inadequate, the manufacturer cannot escape liability if the evidence shows only that the learned intermediary "should have known" of adverse side effects but did not.